CHARLES B. HATCHER vs. THOMAS B. STALWORTH.

Where a bill is drawn at sight, offers or promises to pay at a future day amount to an acceptance, if acceded to by the holder.

IN error from the circuit court of Adams county; Hon. Stanhope Posey, judge.

Thomas B. Stalworth sued Charles B. Hatcher upon an order or writing made or drawn by M. A. Bott, (who is not sued,) bearing date the 7th day of June, 1847, and payable at sight, on said Hatcher for the sum of $290 and interest on the same from the 1st day of March, 1843. Stalworth afterwards at sight, on the 13th day of August, 1847, presented the same to Hatcher, who accepted the same and undertook to pay it. The plaintiff then proposed to prove the acceptance of the order by a letter written by Hatcher to Stalworth and shown to him by plaintiff's counsel, which was ruled admissible by the court, in which he (H.) said he would pay the order, but could not say when.

The jury found a verdict for the plaintiff for principal and interest; from which verdict the defendant prayed a writ of error to this court.

*Thomas Reed*, for appellant.

We rely upon only one question for a reversal of the judg-

ment below; that is, that the court improperly admitted the evidence offered to go to the jury.

Because an acceptance must be a positive engagement to pay. Chitty on Bills, 319.

There was no definite time proved when payment should be made by testimony of Sanders, the witness and agent; this should have been done. Story on Bills, 270, § 242.

That the letter offered as an acceptance is not in law such. Ib. 272, § 244.

A verbal acceptance to an agent is no acceptance. Ib. 274.

The acceptance of the order sued on, if any at all, was conditional; it had no fixed period of payment; such acceptance is not sufficient to bind the party. Ib. 251, § 228.

The letter is indefinite and uncertain; no mention is made of amount of order, or date, or to whom payable.

*L. Sanders, Jr.,* for appellee.

If a point exists in the case, it was on a question of law admitting the testimony of L. Sanders, Jr., and of fact, which the jury decided; which testimony was confined to the declarations of the defendant in regard to a letter shown to him by the witness, which was admitted, and the promise of defendant to pay the draft sued upon, then exhibited and shown to him within a time stipulated, which expired before the institution of this suit. We cannot discover any thing in the case which requires authorities to elucidate or explain; and we contend, that the judgment of the circuit court be affirmed with costs.

Mr. Justice YERGER delivered the opinion of the court.

We see no error in this record. Where a party, on whom a bill is drawn at sight, offers or promises to pay at a future day, that amounts to an acceptance, if acceded to by the holder. 7 Pick. R. 34; Story on Bills, § 243, 244.

The proof in this case, shows this to have been the state of facts; and we, therefore, must affirm the judgment.